## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2742 | **DATE** | 5/22/2008 |
| **CASE TITLE** | James G. Turner-EL (N-01161) v. Roger Walker, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies Plaintiff's emergency motion for an order to notify family to pay filing fees [3] and emergency motion for issuance of a writ of habeas corpus ad testificandum or a conference call [4]. If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).

■ [For further details see text below.]                                                     Docketing to mail notices.

## STATEMENT

Plaintiff, James G. Turner-El, currently an inmate at Menard Correctional Center, seeks leave to file this *pro se* civil rights complaint. However, he has neither paid the $350 filing fee nor filed an application to proceed *in forma pauperis*. Instead, he seeks to have this Court notify his family to pay the filing fee. The Court declines to issue such an order.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff lodged his complaint on May 12, 2008, after the enactment of the PLRA; § 1915(g) therefore applies to this complaint. *See Lucien v. Jockisch*, 133 F.3d 464, 468 (7th Cir. 1998). Numerous courts have considered the retroactive application of § 1915(g) on civil actions filed by prisoners which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and have uniformly held that dismissals preceding the effective date of the PLRA should be counted. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 811 (7th Cir. 1998); *Lucien,* 133 F.3d at 469; *Tierney v. Kupers,* 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir. 1996).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

At least three of Plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Turner v. Geraghty*, 89 C 9424, dismissed as frivolous on May 16, 1990, *aff'd*, No. 2610 (7th Cir. Apr. 4, 1991); *Turner-El v. Strubbe*, 89 C 5004, dismissed as frivolous as a matter of fact under § 1915(d) on August 20, 1990, aff'd No. 90-2934 (7th Cir. Jan. 3, 1991); *Turner-El v. O'Leary*, 89 C 5003, dismissed as time-barred on August 31, 1989, *aff'd*, No. 89-3124 (7th Cir. May 3, 1990).

Plaintiff's current complaint does not allege that he is in imminent danger of serious physical injury. Moreover, it is highly unlikely that this district will constitute the proper venue for any claim he might have of imminent physical injury as long as he remains at Menard. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee. If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).

Plaintiff's emergency motion for a writ of habeas corpus ad testificandum is denied. This Court has discretion to determine when an inmate shall attend court proceedings held in connection with an action initiated by the inmate. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976). Plaintiff must pay the filing fee before the Court can even conduct a merits review of his action. Even if the Court were to determine, after Plaintiff pays the filing fee, that this action should be allowed to proceed, it is unlikely that Plaintiff's presence will be needed in court during the early stages of litigation.