IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
JUN 9 2008
JUN 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-el

Plaintiff,

-v-

Roger Walker, Jr., et al.,

Defendant(s).

No. 08 CV 2742

The Honorable(s)
James B. Zagel, U.S. Judge
Magistrate Judge Cole
Judge(s) presiding.

EMERGENCY
MOTION FOR A TEMPORARY RESTRAINING ORDER, OR
FOR A PRELIMINARY INJUNCTION */

COME NOW plaintiff James G. Turner-el, Pro Se, pursuant the F.R.C.P. Rule 65, and respectfully move this Honorable Court for an Emergency Temporary Restraining Order (TRO), or a Preliminary Injunction.

IN SUPPORT, plaintiff states:

I.

STATEMENT OF THE CASE

This motion seeks a temporary restraining order and/or a preliminary injunction for defendant(s) to protect him from other prisoners, and to provide him with proper legal services and not tamper with his legal mail.

---

*/ And for Order Authorizing Clerk of the Court photocopy documents and serve all parties.

## II.
## STATEMENT OF FACTS

1. As set forth in detail in plaintiff's attached Affidavit, plaintiff is presently confined to the Disciplinary/Segregation Unit, to a "Steel Fronted Closed Box Cell."

2. That defendant(s) to be amended through his amended complaint are keeping him confined to Hot Box Cells, with young crazed gang members who have and presently are taking his food trays, monthly Hygiene Bag, and other property, are also ridiculing, cursing, threatening and physically assaulting him, due to his destitution and being gay.

3. Defendant(s) to be amended are refusing to photocopy his motion(s) including this motion, his new complaints and amended complaint in this action, nor, to afford, many copies as requested, or to provide legal supplies he requests. (See Affidavit)

4. Defendant(s) to be amended are tampering with plaintiff's legal/personal mail, preventing his pleadings from being filed altogether. (See Affidavit).

5. On or about March 29, 2008 plaintiff was con-

fined to a two-man-Steel-fronted-Closed-Box-Cell with a young gang member with mental problems, who upon learning plaintiff was gay physically assaulted plaintiff.

6. Thereafter, gang member began taking the plaintiff's food, books, cosmetics, ridiculing, cursing, threatening and assaulting plaintiff. Plaintiff repeatedly has sought to be assigned to a single-man-cell, like all other gay-men in segregation,[1] but, defendant(s) won't move him. Leaving plaintiff only one option and that's to say he's suicidal, so he'll be moved to a single-man-cell in Strip-out status, with no property, cosmetics, towels, bedding nothing but a blanket, no underwear, shoes, nothing and served the same meal twice a day every day. If this court does not grant him a TRO or injunction, plaintiff will be placed on suicide watch on or before 6/13/08.

7. Plaintiff will go on suicide watch to save himself from further abuse of prisoners, who don't like gay males who are destitute like he is, due to defendants stealing his Idle Pay for almost (26) years, and refusing to comply with terms of settlement agreement and depriving him of a prison job.

8. K. Schorn/Librarian named a defendant in Amended Complaint refuses to photocopy documents to be filed in the instant complaint, including Amended-Complaint and instant motion for a TRO, nor, to copy documents in other matters as many times as requested, and refuses to afford legal supplies as needed.

9. Finally, Unknown defendant Correctional Guards are refuses to mail out plaintiff's legal mail to Director of IDOC, chief legal counsel to the IDOC and to the Circuit Court of Sangamon County, in Springfield, Illinois preventing exhaustion of administrative remedies, negating settlement negotiations and preventing prosecution of Complaint 05 MR 34 in State Court. Further, in not mailing plaintiff's letters to his

-3-

---
[1] Defendants are violating their own rules by not assigning plaintiff a gay-male to a single-man-cell.

Family to pay filing fees in this matter. Forcing plaintiff to seek an extension of time to notify his Family via a telephone call.

## III
## ARGUMENT

I. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER DIRECTING DEFENDANTS' TO MOVE HIM AWAY FROM <u>PRISONERS WHO ARE DOING HIM HARM</u>, PRISON STAFF DENYING HIM OF <u>LEGAL SERVICES</u>, AND TAMPERING <u>WITH HIS LEGAL MAIL</u>.

A litigant may be granted a temporary restraining order (TRO) by a federal Court upon a showing the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a TRO is granted, that the TRO is consistent with the public interest, and that the plaintiff has a strong likelihood of success in the lawsuit. <u>Murphy v. Society of Real Estate Appraisers</u>, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975).

Plaintiff is entitled to a TRO under these standards.

A. <u>Irreparable Injury</u>.

The loss of Constitutional rights, even for short periods of time, constitutes irreparable injury. <u>Elroy v. Burns</u>, 427 U.S. 343, 373, (1976); <u>Deerfield Medical Center v. City of Deerfield</u>, 661 F.2d 328, 338 (5th Cir. 1981). Prison Officials are under legal duty to protect prisoners from assaults by other prisoners. <u>Ruiz v. Estelle</u>, 503 F. Supp. 1265, 1303 (S.D. Tex 1980) aff'd in part rev'd on other grounds, 679 F.2d 1115 (5th Cir. 1982). <u>Wade v. Haynes</u>, 663 F.2d 778 (8th Cir. 1981); <u>Branch-cumb v. Brewer</u>, 537 F. Supp 186 (S.D. Ohio 1982); <u>Holmes v. Goldin</u>, 615 F.2d 83 (2d Cir. 1980) Prisoners have a right to access to an adequate law library or adequate assistance

From persons trained in the law in order to have a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts and public officials. <u>Bounds v. Smith</u>, 430 U.S. 817, note 355, at 827 (1977). The <u>Bounds</u> Court established beyond doubt that prisoners have a constitutional right of access to the courts, and that access must be adequate, effective and meaningful.

Courts have held that "there is a constitutional right to have mail promptly delivered and forwarded." <u>Nicholson v. Choctaw County, Ala.</u>, 489 F. Supp. 1330 (D. Colo. 1980). The Seventh Circuit Court of Appeals held that, "The plaintiff must allege some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation. <u>Shango v. Jurich</u>, 956 F. 2d 289, 292 (7th Cir. 1992) See Also, <u>Boch v. Coughlin</u>, 508 F. 2d 303, 308 (7th Cir 1974) <u>Hossman v. Sprodlin</u>, 812 F. 2d 1021-22 n.2; <u>Howland v. Kilquist</u>, 833 F. 2d 639, 642-43 (7th Cir. 1987); <u>Bruscino v. Carlson</u>, 854 F. 2d 162, 167 (7th Cir. 1988) <u>DeMallory v. Cullen</u>, 855 F. 2d 442, 449 (7th Cir. 1988)

"Interference, punishment and retaliation is unlawful against or to threaten a prisoner for his exercising the right of access to courts, regardless of the form of the threat or retaliation." <u>Milhouse v. Carlson</u>, 652 F. 2d 371 (3rd Cir. 1981). <u>Courtney v. Reeves</u>, 635 F. 2d 326 (5th Cir. 1981); <u>Cruz v. Beto</u>, 603 F. 2d 1178 (5th Cir. 1979; <u>Buise v. Nudkins</u>, 584 F. 2d 223 (7th Cir. 1978). Such actions may be remedied by an injunction even if the practices are not formally part of officials policy. <u>Ruiz, Id.</u>, or award of damages <u>Cruz</u>, id 1178. Furthermore, "a continuing violation of constitutional rights constitutes irreparable injury." <u>Elrod, Id</u>.

Plaintiff has shown he suffers irreparable harm that is on-going that far outweighs any real or assumed harm to defendants by the issuance of injunctive relief

B. <u>Absence of Harm to the Adverse Party.</u>

-5-

The defendant(s) have no legitimate interest in keeping plaintiff in the Closed Box Cell with gang members who take his property, threaten and assault him; nor, in denying legal services, or, tampering with his legal/personal mail. Thus, there will not be harm to the defendants from a TRO.

c. <u>Public Interest</u>.

The public interest is best served when all persons, including prisoners, enjoy safety from assault, legal services and to have mail promptly delivered and forwarded.

D. <u>Likelihood</u> of <u>success</u> on the <u>Merits</u>.

Plaintiff's likelihood of winning a final judgement on the issue of denial of his protection, denial of legal service and mail tampering is overwhelming and is so well established as to be unquestionable.

Even if the Court finds that plaintiff is not entitled to a temporary restraining order, it should grant plaintiff a preliminary injunction on consideration of same 4 factors discussed in point I. See <u>Florida Medical Association, Inc., v. United States Department of Health, Education and Welfare</u>, 601 F. 2d 199 (5th Cir. 1979).

## IV.
## RELIEF

That this Honorable Court due to the Emergency nature of this pleading enter a TRO restraining defendants from:

A) Keeping plaintiff a gay-male confined to a Closed-Box Cell with any other inmates as is provided all other gay males

B) Ordering plaintiff be afforded legal services as

- 6 -

requested, and as needed.

c) Defendant(s) be restrained from tampering with his legal mail and personal mail;

D) Or, Order him transfer to another prison facility;

E) Or, alternatively, transfer plaintiff a federal parole violator to federal custody.

Respectfully submitted,

James G. Turner
#N-01161
M.C.C.
P. O. Box 711
Menard, Il. 62259