IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| James G. Turner-EL, Plaintiff, | **FILED** JUN 19 2008 6-19-2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| -v- | No. 08 cv 2742 |
| Roger Walker, Jr., et al., Defendant(s). | Judge Zagel and Magistrate Judge Cole |

### EMERGENCY MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, PURSUANT EXCEPTION TO THE THREE STRIKES RULE

COME NOW the plaintiff James G. Turner-EL, Pro Se, pursuant 28 U.S.C. §1915 and 42 U.S.C. §1997(g), and respectfully move this Honorable Court to enter an Emergency Order granting him leave to proceed in forma pauperis, pursuant exception to the three strikes Rule.

IN SUPPORT, plaintiff states:

1. Plaintiff has three strikes against him under 42 U.S.C. §1997, and he cannot proceed in forma pauperis, unless, he brings a complaint alleging he's in imminent danger of serious physical injury.

2. That although plaintiff didn't initially submit an Application for Leave to Proceed In Forma Pauperis in this action, nor, specifically allege he is subject to imminent dangers, he is in imminent danger, nonetheless, and his amended complaint specifically asserts he's in imminent danger. But, K. Schorn/Librarian and a newly named defendant won't photocopy plaintiff's amended-complaint, which prevented him from submitting his imminent danger claims before this Court. And, this court has already ordered plaintiff pay the filing fee by 6/20/08 or his complaint will be dismissed.

3. Plaintiff is indigent and has sought an extension of time to allow his family to pay the filing fees.

4. However, due to possibility that his complaint could be dismissed, were fee not paid, plaintiff herewith tenders his Application for Leave to Proceed In Forma Pauperis, and his Memorandum of Law, to establish that his "exposure to poor conditions resulting in his suffering physical ailments," constitutes a valid imminent danger claim, as does denial of right to the basic needs and civilized measure

-2-

of life's necessities."

5. Accordingly, plaintiff pray this Court will now consider granting him leave to proceed In Forma Pauperis, and he has presented claims of his suffering imminent dangers of serious physical injury, as asserted herein and in his amended complaint.

WHEREFORE, plaintiff prays the Court enter Orders granting him leave to Proceed In Forma Pauperis, finding he has presented a valid imminent danger claim, and further Order Head Librarian to photocopy plaintiff's Amended Complaint.

Respectfully submitted,

*James G. Turner* [signature]
James G. Turner-El
N-01161
Menard Corr. Ctr.
P.O. Box 711
Menard, Il. 62259

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| James G. Turner-El, | |
| Plaintiff, | No. 08 CV 2742 |
| -v- | Honorable(s) |
| Roger Walker, Jr., et al., | Judge Zagel and |
| Defendant(s). | Magistrate Judge Cole |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, PURSUANT EXCEPTION TO THE THREE STRIKES RULE

COME NOW the plaintiff James G. Turner-El, Pro Se, and herewith tender his memorandum of law in support of his requests for leave to proceed In forma Pauperis, under exception to the three strikes Rule.

A.

42 U.S.C. §1997

Provides that no prisoner who has three strikes against him can proceed In forma Pauperis

unless, under subsection (g) where he alleges claims that he is subject to imminent dangers of serious physical injury.

### B.
### STATEMENT OF THE CASE

Complaint is brought challenging defendants refusal to comply with a Federal Court Order entered in their behalf and denying plaintiff settlement concessions to which he is entitled then illegally took all monies received to his prison account, to and including his State appropriated Idle Pay, leaving him nothing to tend to his serious hygienic needs, resulting in him suffering massive hair and tooth loss, dandruff, Athletic's feet, ear wax, irritating skin rash and boils under his arm pits, and complete deterioration of hygienic care as he's deprived of the basic civilized measure of life's necessities, which are themselves claims of imminent danger. He seeks to proceed In Forma Pauperis, Declaratory Judgement, injunctive Relief and Monetary damages. Further, that due to his poverty other inmate gang members abuse and assault him.

-2-

C.

## IMMINENT DANGER CLAIMS

Right to basic needs and civilized measure of life's necessities Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565 (1978); Gluth v. Kangas, 773 F. Supp. 1309 (D. Ariz 1988); Potnick v. Eastern State Hospital, 701 F.2d 243 (2nd Cir. 1983); Carson v. Polley, 689 F.2d 562 (5th Cir. 1982); Atkins v. E. I. Dupont de Nemours & Co., 335 U.S. 331 (1948); Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975); Meriwether v. Faulkner, 821 F.2d 408 (7th Cir. 1978); Caldwell v. Miller, 790 F.2d (7th Cir. 1986) and Jamison-Bey v. Thieret, 867 F.2d 1646 (7th Cir. 1989).

Plaintiff claimed he is being denied the basic civilized measure of life's necessities by defendant(s) taking his monthly Idle Pay denial of basic amenities is a claim of imminent dangers of serious physical injury. As without basic necessities plaintiff suffers from Athletic feet, boils under his arm pits, dandruff, ear wax problems, irritating skin rash and massive hair and tooth loss, with non-existent hygiene care. These claims violate the Eighth Amendment prohibitions and have been deemed to

-3-

be imminent danger claims, as the Court held in Gibbs v. Cross, 160 F.3d 962 (3rd Cir 1997) that "exposure to poor conditions resulting in physical ailments constitutes a valid imminent danger claim." Id  See Jamison-Bey, where Seventh Circuit Court of Appeals held prison officials could not deprive plaintiff(s) of their 'idle pay, finding Jamison-Bey's denial violated the Eighth Amendment prohibition, as deprival of the basic amenities is cruel and unusual punishment Under Gibbs Court holding " Eighth Amendment protects against imminent danger claims as well as current unnecessary wanton infliction of pain and suffering."

   Accordingly, plaintiff has alleged imminent claims as to denial of basic amenities, resulting in his suffering physical ailments.

   Next, plaintiff alleges other inmates he's confined to cells with routinely try to get him or force him to move, or threaten and assault him until he moves due to his poverty and lack of hygienic care.

   The Eighth Circuit Court of Appeals held "where inmate alleged a pattern of assault or threat of assault, coupled with defendant's alleged deliberate indifference, plaintiff asserted an actionable imminent

- 4 -

danger claim. See Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998); As such, plaintiff's assaults and threat of assaults by other prisoners due to his lack of hygiene and destitution status caused by deliberate indifference of defendants establishes another imminent danger claim.

These imminent danger claims are specifically alleged in his amended complaint, but, defendant Schorn Librarian won't copy amended complaint without a Court Order to do so.

Plaintiff herewith has shown though not specifically alleged in his original complaint, he did nonetheless assert imminent danger claims and he now requests this Honorable Court determine should he be allowed to proceed In forma Pauperis based upon his 8th Amendment claims which are also imminent danger claims.

WHEREFORE, plaintiff prays this Court grant him leave to proceed In forma Pauperis and Order defendant Schorn to photocopy his amended complaint.

Respectfully submitted,

James G. Turner-ll/Pro Se

STATE OF ILLINOIS   )
                    )SS
COUNTY OF RANDOLPH  )

## AFFIDAVIT

I, James G. Turner-ll, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1) That I am a prisoner at Menard prison confined to segregation unit with no access to the prison law library
2) That I've had Amended Complaint ready for copying for over 1 calendar year, but, Ms. Schorn won't copy because she's a named defendant.
3) That my claims of denial of basic amenities, and my assaults are both imminent danger and cruel and unusual punishment claims.
4) That my Amended Complaint specifically assert my imminent danger claims.
5) That I have submitted an Application for Leave to Proceed In Forma Pauperis hereto with a true, exact, correct and authenic copy of Inmate Transaction Sheet attached thats up to date.
6) That this Court should grant me leave to Proceed In Forma Pauperis.
7) That further I sayeth not.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 11th day of June, 2008.

_____
                                                         Affiant