IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED

JUN 19 2008
6-19-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-EL,
  Plaintiff,

-v-

Roger Walker Jr., et al.,
  Defendant(s).

No. 08 CV 2742

The Honorable
Judge Zagel and
Magistrate Judge Cole

EMERGENCY MOTION FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER, OR, A PRELIMINARY INJUNCTION

COMES NOW the plaintiff James G. Turner-EL, Pro Se, pursuant Rule 65 of the F.R.C.P., and respectfully move this Honorable Court for the issuance of an Order granting him a temporary restraining order ("TRO"), or, alternatively, issue a Preliminary Injunction.

IN SUPPORT, plaintiff states:

1. As alleged in his Civil Rights Complaint the plaintiff is a prisoner in the custody of the Illinois Department of Corrections ("IDOC") at the Menard Correctional Center, ("Menard").

2. As asserted in his complaint plaintiff alleges the

defendant have and continues to be in contempt of a Federal Court Order entered in their behalf over (19) years ago, and have never complied to the terms of an enforced settlement agreement entered in their behalf December 13, 1988, requiring they afford plaintiff a prison job;

3. Then in retaliation begin taking all monies received to the plaintiff's prison account, to and including stealing his Illinois State appropriated ("Idle Pay") of $10.00 monthly to Fray costs of his xeroxcopy/and legal postage debts, leaving him nothing to tend to his serious hygienic needs, which has resulted in his non-existent hygiene, as without his Idle Pay, he's had no monies to purchase hygienic items over a period of (18) years, as such, he's been and is still being deprived of the basic civilized measure of life's necessities, and he suffers from irritating skin rash, dandruff, athletic's feet, boils under his arm pits, ear wax problems and massive hair and tooth loss. (See plaintiff's Affidavit attached).

## ARGUMENT

I. Plaintiff is entitled to a temporary restraining Order directing defendants to return and reimburse his Idle Pay, and to comply with Federally enforced settlement agreement.

A. litigant may be granted a temporary restraining order

-2-

(TRO) by a Federal court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a (TRO) is granted, that the (TRO) is consistent with the public interest, and that the plaintiff has a strong likelihood of success in the lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975).

Plaintiff is entitled to a TRO under these standards.

A. Irreparable Injury.

The loss of constitutional rights, even for short periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976); Deerfield Medical Center v. City of Deerfield Beach, 661 F. 2d 328, 338 (5th Cir. 1981). But, in the instant action plaintiff has been deprived of his constitutional rights for almost (20) calendar years. The deprivation of plaintiff's settlement concession (a prison job) for almost (20) years clearly violates a Federal Court order and constitutes Civil Contempt and Civil Contempt serves

> to preserve and enforce the rights of private parties to suits, and to compel obediences to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled... [they] are civil, remedial, and coercive in their nature, and the parties

chiefly interested in their conduct and prosecution are the individuals whose private rights and remedies they were instituted to protect or enforce. . . . United States v. United Mine Workers, id. at 303-04. Shillitani v. United States, 384 U.S. 364, 370 86 S. Ct. 1531 (1996) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

Civil Contempt has a two-fold purpose: (1) to compensate the prevailing parties for losses or damages caused by the other's non-compliance, and (2) to coerce the derelict person into compliance with the original order, McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S. Ct. 38 (1949) As part of the relief of a civil contempt order, a court could order a governmental official to be incarcerated. Newman v. State of Alabama, 683 F. 2d 1312, note 373, at 1318. But the character and purpose of the incarceration must be demonstrated to be remedial: (t)he decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order. Gompers v. Buck's Stove + Range Co., 221 U.S. 418, 442, 31 S. Ct. 492 (1911). To this end, courts may use "wide discretion in fashioning a remedy." Vuitton et Fils, S.A. v. Carousel Handbags, 592 F. 2d 126, 130 (2d Cir. 1979), and may order a "variety of acts" designed to meet the requirements of full remedial relief. McComb, id. note 377 at 193.

Courts may also impose a fine as a penalty for civil contempt against prison officials. This fine can be either be paid to the injured party or to the Federal governmental. or any other action that makes sense as a way of ensuring compliance. A court may hold a party in contempt wherever she/he has failed or refused to comply with a valid order of which she/he had notice and the ability to obey. <u>Danielson v. United Seafood Workers</u>, 405 F. Supp. 396 (S.D.N.Y. 1975) The party against whom civil contempt sanctions are sought need not have failed to comply with the whole order, <u>Aspira of New York v. Bd. of Education of City of New York</u>, 423 F. Supp. 627, 654 (S.D.N.Y. 1976). The party need only have failed to comply with some substantial portion of the court order and clearly violates the constitution where defendant(s) have refused to obey a Federal court order for almost (20) years, and each additional day defendant(s) refuse to make compliance subjects plaintiff to irreparable injury.

Also, the embezzelment, misappropriation, diversion, theft and withholdal of plaintiff's Illinois State appropriated Idle Pay of $10.00 monthly for over (18) years for legal costs, deprived plaintiff of monies for his serious hygienic needs, resulting in him becoming destitute and his hygiene non-existent, and deterioration of his personal hygiene, has resulted in him suffering massive hair and tooth loss, dandruff, ear wax and Athletic's Foot problems, boils under arm pits and irritating skin rash depriving him of the basic civilized measure of life's necessities In <u>Gluth v. Kangas</u>, 773 F. Supp. 1309, 1312 (D. Ariz. 1988).

-5-

the court held, that a "defendants' indigency policy which forces inmates to choose between purchasing essential hygienic supplies and essential legal supplies, is a 'choice' that is unacceptable." *Id*.

The United States Court of Appeals For the Second Circuit determined that "a litigant should not be presented with a 'Hobson's choice' between eschewing a potentially meritorious claim or foregoing life's necessities." Potnick v. Eastern State Hospital, 701 F. 2d 243, 244 (2nd Cir. 1983) (per curiam); Carson v. Polley, 689 F. 2d 562, 586 (5th Cir 1982). Conversely, other circuits have recognized that "expenses outside an applicant's means or would so deplete his resources as to work a deprivation of basic human need, is unacceptable." See Adkins v. E. I. Dupont de Nemours + Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89 (1948)

The Seventh Circuit Court of Appeals held, "Prisoners cannot complain about conditions of their confinement unless they are deprived of "the minimal civilized measure of life's necessities," Meriwether v. Faulkner, 821 F. 2d 408, 416 (7th Cir. 1987) (citing, Rhodes v. Chapman, 101 S. Ct. 2392 (1981). See also, Jamison-Bey v. Thieret, 867 F. 2d 1046 (7th Civ. 1989), *id* at 1048. In the Jamison-Bey Court, Jamison-Bey alleged he was deprived of his $10.00 monthly Idle Pay allowance or its equivalent in hygiene products when he was placed in segregation for 101 days, *Id* at 1048, and reversed. The Jamison-Bey court found that defendant(s) could not take his Idle Pay because he was confined to segregation, but, could only take his Idle

-6-

Pay only if he refused a job or school assignment. Plaintiff Turner-bu likewise cannot have his Idle Pay taken to fray costs of his legal expenses, as the only way a inmate can loose his Idle Pay is by refusing a job or school assignment, and plaintiff never refused either, as such, his Idle Pay is being unlawfully taken. Therefore, plaintiff is suffering irreparable injury.

B. <u>Absence of harm to the adverse party.</u>

The defendants have no legitimate interest in refusing to comply to a Federal Court Order entered in their behalf, nor, in diverting his $10.00 monthly Idle Pay. Thus, there will be no harm suffered by defendants from issuance of a TRO.

C. <u>Public Interest.</u>

The public interest is best served when all persons, including prisoners enjoy benefits of Federal Court order and settlement concessions ordered by the Court and his Idle pay of $10.00 monthly.

D. <u>Likelihood of Ultimate Success on the Merits.</u>

Plaintiff's likelihood of winning a final judgement on

-7-

the issues of defendant(s) being in civil contempt is overwhelming, as is denying him the basic civilized measure of life's necessities is so well established as to be unquestionable. As such success on the merits is guaranteed.

Rule 65, FRCP, requires an applicant for TRO to certify give notice to the adverse party, plaintiff has made compliance.

Even if the court finds that plaintiff is not entitled to a temporary restraining order, it should grant plaintiff a preliminary injunction after notice to the defendants.

A preliminary injunction may be granted upon notice to the adverse party and on consideration of the same four factors discussed in Point I, supra. Florida Medical Association, Inc. v. United States Department of Health, Education and Welfare, 601 F. 2d 199 (5th Cir. 1979). Plaintiff incorporates that discussion by reference in this point.

## RELIEF

Accordingly, plaintiff request the following relief:

-8-

A) Order defendant(s) to make compliance to the terms of the enforced settlement agreement, fully and completely by affording plaintiff a prison job at the Inmate Commissary.

B) Fine defendant(s) in the amount of $5.00 per day from inception of enforced settlement agreement til present day almost (26) years later individually and seperately to be awarded plaintiff.

C) Order defendant(s) pay all costs of this action.

D) Restrain defendant(s) from continuing to take plaintiff's monthly $10.00 Idle Pay

E) Order defendant(s) to reimburse plaintiff $16.00 per month for the past (20) years individually and seperately.

F) Order (1) year of Community Service for all named defendants.

G) Order plaintiff's legal copy/Postage debts terminated.

H) Any additional relief this Court deems just.[1]

WHEREFORE, plaintiff pray that this Honorable Court grant a temporary restraining Order or, in the alternative a preliminary injunction.

Respectfully submitted,

James G. Turner-El
James G. Turner-El
N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

---

[1] Lodge criminal charges against named defendant(s) for a) Theft; b) Embezzlement; c) Deceptive Practice and d) Fraud.

STATE OF ILLINOIS )
                  )SS
COUNTY OF RANDOLPH )

## AFFIDAVIT

I, James G. Turner-ee, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1. That I am a prisoner in custody of the IDOC at Menard prison confined to segregation and my monthly idle pay is being illegally taken to pay costs of my xerox-copy/legal mailing cost debts.

2. That as a result of all my money being taken for legal services costs, I'm deprived of monies to tend to my serious hygienic needs and now suffer from massive hair and tooth loss, dandruff, ear wax, Athletics foot problems, boils under my arm pits and a irritating skin rash.

3. That I'm suffering from deterioration of my hygiene because defendants have never complied with a Federal Court Order entered in their behalf to afford me a prison job almost 20 years ago and have been in contempt of a federal court order from inception of court orders.

4. That I'm being deprived of monies for my hygienic needs illegally. As such, I'm suffering irreparable injury.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 15th day of May, 2008.

_____
                        Affiant

## AFFIDAVIT OF SERVICE

I, _James G. Turner-el_, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party (ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Menard_ Correctional Center, _Chester_ Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid thereon, on this _____ day of _May_, 20_08_.

_____
Signature

## VERIFICATION

I, _James G. Turner-el_, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents; and

3. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

_____
(Your signature)

# MEMO

Date: May 30, 2008
To: Ms. K. Schorr / Librarian
From: James B. Turner, Sr.
 #N-0161 / NII #6-47
Subject: Redue Copies Legibly

See Fed. Rules Civil Procedure Rule 65

I sent you the attached Motion to Compel and for TRO, you refused to copy, requesting Court Order showing defendants were served. Be advised case has been docketed because it has a Case Number, and I don't have to serve defendants my motion for the Court to enter a ruling.

Accordingly, I want my Motions copied the 5 times I requested and returned ASAP.

Your cooperation is expected.

Thanks
J.B. Turner Sr.

~~[scribbled out]~~

Only was given 2 copies sent original to Mr. Dobbins / Clerk (I) to Ms. Madigan and I kept last copy.

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT of ILLINOIS

James G. Turner-El,
Plaintiff,
)
)
v.
) Case No. 08 CV 2742
)
Roger Walker, Jr., et al.,
)
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: M.W. Dobbins/Clerk
U.S. District Court
219 S. Dearborn St.
Chgo, Il. 60604

TO: Lisa Madigan
Attorney General
100 W. Randolph St.
Chgo, Il. 60601

TO: _____

TO: _____

PLEASE TAKE NOTICE that on June 13, 2008, I have placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Motion to Compel; Motion For TRO

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 6/13/08

/s/ James G. Turner
NAME: James G. Turner-El
IDOC#: N-01161
Menard Correctional Center
P.O. BOX 711
Chester, IL 62259

Revised July 2004