# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2742 | **DATE** | 7/10/2008 |
| **CASE TITLE** | James G. Turner-EL (N-01161) v. Roger Walker, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

The Court dismisses this case pursuant to 28 U.S.C. § 1915A(b)(1). This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). All pending motions are denied as moot.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiff James G. Turner-EL brings this *pro se* action pursuant to 42 U.S.C. § 1983 and has paid the $350 filing fee. Under 28 U.S.C. § 1915A(b)(1), the Court is authorized to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted as soon as practicable after docketing.

     Plaintiff alleges that Defendants, current and past directors of the Illinois Department of Corrections, current and past wardens of Menard and Stateville Correctional Centers, a business administrator at Menard, and all unknown business administrators at Stateville, Pontiac, and Menard Correctional Centers from December, 1988, through January, 2007, have violated his constitutional rights by not abiding by a settlement agreement that was entered into in Case No. 86 C 8929, denying him a prison job, and misappropriating his monthly idle pay for more than 18 years.

     The settlement agreement that Plaintiff refers to was in *Turner-El v. Branche*, Case No. 86 C 8929, before Judge James B. Moran. Judge Moran conducted an evidentiary hearing on November 18, 1988, in that case and found that the parties had agreed to settle the case and granted Defendants' motion to enforce the settlement agreement. The cause was then dismissed with prejudice pursuant to the settlement agreement.

     Courts that retain jurisdiction over settlements or enter judgments explicitly incorporating the terms of the settlement may have ancillary jurisdiction to enforce settlement agreements. *See Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir. 1994).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

However, Judge Moran clearly dismissed Case No. 86 C 8929 with prejudice. Judge Moran had no intention to retain jurisdiction over the settlement and the terms of the settlement were not incorporated into the judgment.

Judge Moran also wrote in that order:

Moreover, Turner-El periodically resurfaces with a motion to enforce the settlement agreement in this action, which has long been closed and the appeal of which was dismissed years ago. The court therefore orders the clerk not to accept any further documents for filing in this case and to return any such documents to Turner-El unfiled.

A claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit, does not state a basis for federal court jurisdiction over a contract dispute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994). Any claim Plaintiff may wish to make as to the alleged breach of the settlement agreement must be brought in state court. *See id.* at 382. This Court has no opinion as to the merits of any such action Plaintiff might bring in state court.

The Seventh Circuit has long since held that a prisoner does not have a liberty or property interest in a prison job assignment. *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (*en banc*). Even the language in 730 ILCS 5/3-8-7(b)(2) and (e)(6) does not create a liberty or property interest in a job. *Id.* at 248. Although Plaintiff claims that giving him a prison job was part of the settlement agreement, his recourse is in the state courts as this allegedly constitutes a breach of the settlement agreement. The Court emphasizes again that it has no opinion as to whether not providing Plaintiff with a prison job constitutes a breach of the settlement agreement.

Prisoners also have no constitutional right to state/idle pay. *See Vanskike v. Peters,* 974 F.2d 806, 809 (7th Cir. 1992) (prisoners have no constitutional right to state pay). The business administrators therefore could not have misappropriated the idle pay since Plaintiff was not entitled to it.

Accordingly, finding no arguable legal basis for the complaint, the Court dismisses this action pursuant to 28 U.S.C. §1915A(b)(1). This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). *See Duvall v. Miller*, 122 F.3d 489 (7th Cir. 1997) (dismissal as frivolous was "strike" even though inmate did not proceed *in forma pauperis*). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).