

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

James G. Turner-el,

    Plaintiff,

-v-

Roger Walker Jr., et al.,

    Defendants.

FILED
Jul 17, 2008
JUL 17 2008  MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 08 CV 2742
08cv2742
The Honorable
James B. Zagel,
U.S. Judge presiding.

MOTION IN SUPPORT OF PROTECTIVE ORDERS; AND, FOR K. SCHORN, LIBRARIAN TO PHOTOCOPY AMENDED COMPLAINT; AND, FOR ORDER AUTHORIZING THE CLERK OF THE COURT MAKE COPIES OF DOCUMENT AND SERVE ALL PARTIES */

COME NOW the plaintiff James G. Turner-el, Pro Se, in support of his requests for Protective Orders, and for an Order demanding K. Schorn/Librarian to photocopy his Amended Complaint, an, for Order Authorizing the Clerk of the Court to make copies of this document and to serve all parties.

IN SUPPORT, plaintiff states:

1. As explained in previous pleadings, plaintiff a 58 year old (bi-sexual)(gay-male) with High Blood Pressure, Heart problems, Anemia, Hepatitis-C, and pain in his lower right abdomen, lower back and both his arms and hands, weighing 125 lbs and cant physically protect

---

*/ And, For Order Permitting Plaintiff to write on books of form Complaints, and, For legal supplies

himself from physical injury inflicted by other inmates had been repeatedly assigned to two-man Steel Front Isolation/Control Cells that are Hot Box Torture Chamber Cells with bigger, younger, stronger gang members who assaulted him, took his food and other property. Even though under Menard/IDOC rules (gay-males) are not to be confined to two-man cells in segregation. And, all his request and pleas for help were ignored.

2. Next, due to initiation of Complaint 08 C 3664 before the Hon. Judge Moran, Menard Medical personnel begin refusing plaintiff any medical attention, other than to issue Heart/Blood Pressure Meds daily. refusing to place his 1/ on Doctor's Call-Line, nor, to provide any meds for pain, and whenever plaintiff was cut or bleeding after being assaulted by his cellmates, the plaintiff had to attend to his own medical care.

3. Further, prior to bringing complaint against Medical staff, whenever plaintiff's blood pressure was high, he was hospitalized, now, however no medical person will even take his vitals, and being confined to Hot Box Torture Chamber Cell, plaintiff Frequently has breathing attacks, which makes his blood pressure rise, but, he's denied all medical treatment. During these times the plaintiff feels as though he's gonna die.

4. Then on June 24, 2008 prison officials deliberately

-2-

---
1/ Name on Doctor's Call-Line schedules

confined a long-time-documented enemy of plaintiff's, inmate Ellis Partee #A-15421 to cell with him in segregation, trying to get plaintiff killed or seriously injured. Finally, after much complaining on July 10, 2008, plaintiff was moved to a more onerous Torture Chamber Cell on 2 gallery cell No. 2-32 which is a two-man-cell, but, that has less Fresh Air Holes in the door, making breathing difficult and to cause breathing attacks to occur more frequent. And, all though, no cellmate was assigned to cell with him, the Acting Unit Sargeant advised he was going to assign someone to cell with him, which will subject plaintiff to even greater pain, suffering, assault, hunger and abuse.

5. But, even if no-one was celled with plaintiff he has been moved from 6-47 to 2-32 2 and 4 gallery are where some criminally insane inmates are confined and are constantly banging on their doors, arguing and threatening to kill each other, making area volatile and plaintiff unable to sleep, rest, think, etc.

6. Additionally, plaintiff can't breathe properly and have frequent panic attacks, high blood pressure but, no medical treatment. Accordingly, plaintiff needs a protective Order from this Court.

7. Ms. K. Schorn/Librarian a defendant to be named in Amended Complaint in this cause of action refuses to copy Amended Complaint, due to her being named

-3-

a defendant in this matter, Further, she has continually interfered with plaintiff's prosecution of pending and contemplated litigations, continually causing documents to be filed late, or not at all, resulting in denial and dismissals of various actions, and no copies being made to serve opposing party, keep copies for himself, nor, to submit but the original copy on the Court.

8. Nor, is k. Schorn providing the plaintiff enough legal writing material, as such, he's forced to use the back of a Federal Form Complaint to draft this pleading.

9. Defendant(s) have no legitimate penological interest in: i) keeping plaintiff confined to a Hot Box torture chamber cell; ii) denying him medical treatment; iii) assigning him to cell with other inmates in segregation; iv) refusing to photocopy his legal documents; v) refusal to provide legal writing material.

10. Accordingly, plaintiff move this Honorable Court to Order defendant Schorn/Librarian to photocopy his Amended Complaint, and any other documents as requested. Order defendant Schorn provide legal supplies as requested. Allow plaintiff to submit this document on the back of Form Complaint, and authorize the Clerk of the Court to make copies and furnish all parties in this action.

11. Furthermore, should defendant(s) assign any other inmate to cell with plaintiff, he will have no option, but, to seek to be placed on suicide watch, to escape life-threatening, imminent danger situations where he's abused and assaulted by gang member cellmates.

12. This Honorable Court should be appalled by the plaintiff's only option to save himself from harm, an enter the necessary Protective Orders, to save plaintiff from having to go on suicide watch, to keep himself away from further abuses. The Court is reminded that plaintiff's only other options are either to continue to allow himself to be abused and battered by next cellmate, or, to take matters into his own hands and try and do serious harm to his cellmate before cellmate does serious harm to him. All these options should be unacceptable to this Court.

13. Further because cell assignment; denial of medical treatment; denial of legal services and supplies are intentionally done in retaliation to pending complaints, and plaintiff has no other remedy at law, and having paid filing fee herein to proceed, this Court should find it a necessity to enter Protective Orders.

-5-

In support of Protective Orders plaintiff requests as to be determined by the Court that:

14. That defendant(s) their agents, employees, etc., be prohibited from:

A) keeping plaintiff confined to torture Chamber Cell;

B) Assigning any other inmates to cell with him in segregation unit;

C) Denying him legal copies, services and supplies;

D) Denying him of prompt medical treatment; Or,

E) Alternatively, Order plaintiff's transfer to the Stateville Correctional Center; And,

F) Authorize the Honorable Clerk of the Court to make copies of this pleading and serve on all parties; and,

G) Any additional relief this Court deems equitable, just and proper. [2/]

WHEREFORE, DO HE PRAY.

Respectfully submitted,

James M. _____ SP
James G. Turner-u
#N-01161
M.C.C.
P.O. Box 711
Chester, Il. 62259

---

2/ H) Fine defendants in the amount $25,000.00 (Twenty Five Thousand Dollars) to be awarded plaintiff, and,

I) Order Video Court Conference Call.