

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
Jul 17, 2008
JUL 1 7 2008  MD
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-El,
   Plaintiff,

-v-

Roger Walker, Jr., et al.,
   Defendant(s).

Case No. 08 CV 2742
08cv2742

The Honorable
James B. Zagel,
U.S. Judge presiding.

MOTION IN SUPPORT OF MOTION(S) TO COMPEL
FOR SANCTIONS, AND, FOR TEMPORARY RE-
STRAINING, OR, PRELIMINARY INJUNCTION

   COME NOW, the plaintiff James G. Turner-El, Pro Se, pursuant to Rules 60 and 65 of the F.R.C.P. and respectfully move this Honorable Court to enter Orders granting Motion(s) to compel, for sanctions and for TRO or a preliminary injunction.

   IN SUPPORT, plaintiff states:

   1. As explained in his Civil Rights Complaint, his Motion for TRO, to compel and sanctions, this action proceeds from defendant(s) refusal to comply to terms of an enforced settlement agreement entered in their behalf for almost (20) years.

2. On August 9, 2007, newly named defendant Orange Crush Tachincal Squadron walked plaintiff to segregation unit, when issued his property (10) days later, plaintiff discovered that his Radio/Fan settlement concessions, ordered in part as terms of the enforced settlement agreement in this proceeding were missing.

3. Plaintiff sought their return and he wrote another newly named defendant Ed Huntley/Chief Legal Counsel for IDOC, who ordered another newly named defendant Randall Stouffer/Legal Counsel at Menard prison to have radio/fan reissued. (Letter could not be attached hereto as plaintiff was unable to get copies of this pleading made) Letter was dated October 7, 2007 requiring Radio/Fan concessions be returned. However, more than (9) months and (6) days have elapsed and defendants have not made compliance. Accordingly, defendants are in Civil Contempt, as to the return of settlement concessions.

4. Civil Contempt has a two-fold purpose: (1) to compensate the prevailing parties for losses or damages caused by the non-compliance, and (2) to coerce the derelict person into compliance with the original order. MC Comb v. Jacksonville Paper Co., 336 U.S. 187 (1949).

5. Defendant(s) have a procedure that persons in segregation unit can possess their fans, and after a period of (60) days can obtain their TVs and Radios. But, because defendants are retaliating against plaintiff, though plaintiff has been confined to segregation 135 days presently and he's not scheduled from his release therefrom til October 28, 2008, defendants have not issued him his TV concession to enjoy while in segregation (which is afforded all similarly situated persons), nor, have they reissued Radio/fan concessions, that he could enjoy in segregation like other inmates.

6. Though defendant(s) cannot afford plaintiff a prison job til he's released from segregation, defendant(s) can nonetheless reissue him panasonic Radio and kool Operator Jr. fan along with his TV concession to enjoy while confined to segregation.

7. Plaintiff having pre-paid filing fee as Ordered by the Court to proceed hereon respectfully move this Honorable Court to issue an Order to compel and for Sanctions, as follows:

A) Order defendant(s) issue plaintiff Panasonic Radio and kool Operator Jr. fan (7) days following Order;

-3-

B) Order defendant(s) to issue plaintiff his TV, Radio and Fan settlement concessions while he's in the segregation unit, to enjoy til his release therefrom;

C) That because defendant(s) have proved to be derelict for almost (20) years, by refusing to give plaintiff a prison job, that a fine of $1,000.00 (One Thousand Dollars) per day be levied against defendants for each day they fail to comply;

D) That a sanction of $500.00 (Five Hundred Dollars) be paid plaintiff for preparation of these documents;

E) That video Court Conference Call be Ordered; and

F) Any additional relief this Court deems just.

Respectfully submitted,

James G. Turner-el
#N-01161
M.C.C.
P.O. Box 711
Chester, Il. 62259