IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

James G. Turner-el,

    Plaintiff,

-v-

Roger Walker, Jr., et al.,

    Defendant(s).

FILED
AUG 1, 2008
AUG 1 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 08 CV 2742

The Honorable
James B. Zagel,
U.S. Judge presiding.

## MOTION FOR RELIEF FROM JUDGEMENT */

COME NOW, the plaintiff James G. Turner-el, Pro Se, pursuant F.R.C.P. Rule 60(b)(6), and respectfully move this Honorable Court for Relief From Judgement.

IN SUPPORT, plaintiff states:

1. This Court's Order of dismissal does not take into account that even though Judge Moran dismissed complaint 86 C 8929 with prejudice pursuant an enforced settlement agreement on November 18, 1988. He did enter terms of that settlement agreement Pursuant Order nunc pro tunc on December 12, 1988, and these terms must be deemed as incorporated into the judgement? (See Exhibits C and D attached).

---

*/ And for Order Authorizing the Honorable Clerk of the Court to make copies of this pleading and serve both parties

2. And, even if terms of agreement are not incorporated into the judgement, does the fact, that the terms were made in such a way as to last the duration of plaintiff's imprisonment, still give the Court retained jurisdiction to enforce the agreement, when the debtor is dereliet in his duties, or otherwise in Civil Contempt of a Federal Court Order?

3. Further, even though Judge Moran refuses to acknowledge that jurisdiction is still retained with the Federal Court where complaint is dismissed with prejudice; does fact that terms were incorporated into the judgement nunc pro tunc Force ancillary jurisdiction of the Court to enforce the settlement agreement, irreguardless of dismissal with prejudice judgement, that would normally relieve the court of any further jurisdiction?

4. Plaintiff being confined to segregation cannot research authorities cited by the court, but, he offers questions, that may be deemed novel, that need interpretation, either by this Court or the Court of Appeals.

5. Plaintiff never asserted a Breach of Contract dispute herein.

6. Additionally, prisoners have no liberty or property interest in prison job assignment, but, because plaintiff's right

is an actual term of the settlement agreement, is it enforceable in Federal Court?

7. How can this Court or the Vanskike Court claim prisoners have no constitutional right to State/idle pay, when, Illinois legislature codified its appropriation into law; further State of Illinois would not afford each prisoner in Illinois $10.00 per month just for being imprisoned, unless it was State law; and because the law authorizes its issuance plaintiff has a due process right to it, as a property entitlement.

8. Fore all the foregoing reasons plaintiff requests relief from judgement.

9. Finally, did the Clerk of this Court err filing the instant complaint, where Judge Moran admonished clerk not to accept any further documents for filing in this case and to return any such documents to plaintiff unfiled. Even though a new lawsuit, where premised on case Judge Moran deemed closed?

10. And, if the clerk did err in filing documents in violation of a federal Court Order, can plaintiff's prepayment of filing fees be reimbursed, since documents could never have been filed?

11. Plaintiff have posed viable questions entitling him

-3-

relief from judgement, that are novel and meritorious, that warrants further review, and reinstatement of complaint.

WHEREFORE, plaintiff prays this Honorable Court enter Order granting him relief from judgement and further authorizing Court Clerk to make copies of this pleading & serve all parties.

Respectfully submitted,

James M. ——— ED
James G. Turner
N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | Sitting Judge/Mag. If Other Than Assigned Judge/Mag. | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate | Hon. James B. Zagel | | |
| Case Number | 86 C 7375 | Date | Dec 14, 1988 |
| Case Title | | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3d-party plaintiff, and (b) state briefly the nature of the motion being presented]

DOCKET ENTRY: (The balance of this form is reserved for notations by court staff.)

(1) ☐ Jury verdict is entered as follows:   (2) ☒ [Other docket entry:]

Enter order nunc pro tunc as of November 18, 1988. After hearing all of the evidence presented by the movants and the respondent, this court has determined that the parties did agree to settle this matter as of June 2, 1988 on the following terms: Plaintiff agrees to release and discharge from liability all past, present and future agents and employees of the Ill. Dept of Corrections for all causes of action arising on or before June 2, 1988 in exchange for receiving from defendants the sum of $580.00, a job in prison, access to a typewriter thru the prison law library and the following state loan items: a fan, a radio and a color television set. Therefore, defendants motion to enforce settlement agreement is granted. Cause dismissed with prejudice pursuant to the settlement agreement.

(3) ☐ Filed motion of [use listing in "MOTION" box above].
(4) ☐ Brief in support of motion due _____
(5) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(6) ☐ Hearing _____ set for _____
     ☐ Ruling on _____
(7) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ reset for _____
(8) ☐ Pretrial conference ☐ held ☐ continued to ☐ set for ☐ reset for _____
(9) ☐ Trial ☐ set for ☐ reset for _____
(10) ☐ Bench trial ☐ Jury trial ☐ Hearing held and continued to _____
(11) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(12) ☒ [For further detail see] ☐ order on the reverse of ☒ order attached to the original minute order form.

| | number of notices | |
|---|---|---|
| ☐ No notices required. | 3PC | Document # |
| ☐ Notices mailed by judge's staff. | DEC 14 1988 | |
| ☐ Notified counsel by telephone. | | 74 |
| ☐ Docketing to mail notices. | | |
| ☐ Mail AO 450 form. | Ex. "C" | |
| ☐ Copy to judge/magistrate. | | |

SD428 MCCAI

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | | | DOCKET NO 86C? |
|---|---|---|---|
| TURNER-EL, James G. | | BRANCH, Superintendent, et al | PAGE 6 OF ? |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 12/08/88 | | ~~Mailed 12/08/88 to all counsel of record: copy of notice of ap~~ |
| MJG | | ~~Forwarded 12/08/88 to Judge Moran: copy of notice of appeal.~~ |
| 12/09/88 | 70 | Minute order of 12/08/88: Defendants' motion for clarification of the order entered on November 18, 1988 is granted. (Draft Order to Follow) Moran, J. Mailed notice 12/09/88. |
| CMW | 71 | Filed 12/08/88: Notice of motion; Motion (Attachment). |
| 12/09/88 | 72 | Minute order of 12/08/88: Filed defendants' motion for sanctions. Plaintiff answer to motion for sanctions to be filed by January 5, 1989. Reply to answer to be filed by January 17, 1989. Moran, J. Mailed notice 12/09/88. |
| CMW | 73 | Filed 12/08/88: Notice of motion; Motion; Memorandum in support of defenda motion for sanctions. (Attachments). |
| 12/14/88 | 74 | Minute order of 12/13/88: Enter order nunc pro tunc as of November 18, 198 After hearing all of the evidence presented by the movants and the responde this court has determined that the parties did agree to settle this matter June 2, 1988 on the following terms" Plaintiff agrees to release and disch from liability all past, present and future agents and employees of the Ill of Corrections for all causes of action arising on or before June 2, 1988 i change for receiving from defendants the sum of $580.00, a job in prison, a to a typewriter thru the prison law library and the following state loan it a fan, a radio and a color television set. Therefore, defendants motion to enforce settlement agreement is granted. Cause dismissed with prejudice pu to the settlement agreement. (For further detail, see order attached to th original minute order form). Moran, J. Mailed notice 12/14/88. |
| KS | 75 | Entered 12/14/88: Order. |
| 12/14/88 KS | 76 | ~~Filed 12/12/88: U.S. Court of Appeals acknowledgment of receipt of shor record; No. 88-3566.~~ |
| 12/15/88 | 77 | Filed 12/09/88: Plaintiff's petition for writ of habeas corpus ad testifi N/A |
| KS | 78 | Filed 12/12/88: Plaintiff's motion for clarification of order. N/A |

KEY: ALL CIRCLED ITEMS ARE INCLUDED IN THIS RECORD ON APPEAL.

ITEMS CROSSED-OUT ARE NOT INCLUDED

N/A: ITEMS ARE NOT AVAILABLE IN THE DISTRICT COURT FILES.

Ex. "D"
(2 of 2)

PLAINTIFF
TURNER-EL, James G.                           BRANCH, Superintendent, et al      DOCKET NO. 86C8929
                                                                                  PAGE 5 OF ___ PAGES

PROCEEDINGS

| Date | # | Entry |
|---|---|---|
| 09/02/88 | 57 | Filed 09/01/88: Plaintiff's notice of change of address. |
| 09/06/88 EAV | 58 | Filed 09/02/88: Defendant's notice of filing; Cautionary instruction to pro se prisoner. |
| 09/13/88 LG | 59 | Filed 09/12/88: Plaintiff's motion for appointment of counsel (Attachments). |
| 10/03/88 EAV | 60 | Filed 09/29/88: Notice of filing; Defendants' reply to plaintiff's response to defendants' motion to enforce settlement agreement. |
| 10/12/88 KS | 61 | Filed 10/07/88: Plaintiff's response to defendant's reply to plaintiff's motion in opposition to enforce settlement agreement; Notice. |
| 10/25/88 DW | 62 | Minute order of 10/24/88: Evidentiary hearing set for November 18, 1988 at 10:00 AM. Status hearing held. Moran, J. Mailed notice 10/25/88. |
| 11/15/88 | 63 | Minute order of 11/15/88: On petitioner's motion, order a petition for writ of habeas corpus ad testificandum to issue to cause James G. Turner-el to be brought before this court on November 18, 1988 at 10:00AM. Moran, J. Mailed notice 11/16/88. |
|  | 64 | ~~Filed 11/15/88: Notice of filing.~~ Filed 11/15/88: Petition for writ of habeas corpus ad testificandum. |
|  |  | ~~Issued 11/15/88: Writ of habeas corpus ad testificandum and three certified copies with certified copy of order to U.S. Marshals.~~ |
| 11/25/88 | 66 | Minute order of 11/18/88: Evidentiary hearing held. Defendants' motion to enforce settlement agreement is granted. Cause dismissed with prejudice pursuant to the settlement agreement. Plaintiff's motion for appointment of counsel is denied. Plaintiff's oral motion to substitute a new judge is denied. (For further detail see order attached to the original minute order form). Moran, J. Mailed notice 11/25/88. |
|  | 67 | Entered 11/18/88: Judgment. Clark.    JS-5 |
| 12/08/88 | 68 | Filed 12/06/88: Plaintiff's NOTICE OF APPEAL re: order of 11/18/88 Motion to Stay Proceedings Pending Appeal; Motion for Transmission of the District Court's Records; Motion to Reconsider Order and Vacate Judgement; Affidavits; Exhibits and Notice of Filing; |
|  | 69 | Filed 12/06/88: Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal; Motion for Appointment of Counsel; Affidavits and Notice of Filing. |
|  |  | ~~Transmitted 12/08/88 to the US Court of Appeals for the Seventh Circuit the short record on appeal consisting of a transmittal notice, stamped copy of notice of appeal, the docket sheet, copy of order dated 11/18/88 and copy of judgement.~~ |

CONTINUED

SD428 MCC#1

Ex. "D"
(1 of 2)