IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
AUG 12 2008
AUG 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-el,

 Plaintiff,

-V-

Roger Walker, Jr., et al.,

 Defendant(s).

Case No. 08 CV 2742

The Honorable
James B. Zagel,
U.S. Judge presiding.

MOTION IN SUPPORT OF
MOTION DEMANDING LAW LIBRARIAN TO COPY
HIS DOCUMENTS AS REQUESTED IN THIS ACTION A/

 COME NOW, the plaintiff James G. Turner-el, Pro Se, and respectfully move this Honorable Court to enter an Order demanding law librarian copy his documents as requested in this action.

 IN SUPPORT, plaintiff states:

 1. Ex-Correctional Guard Ms. K. Schorn/Head Librarian knows nothing about the law, and has made an inmate Law Clerk named Larry her mentor, as such, inmate Law Clerk decides, 1) Who should be granted access to the law library; 2) Who has a Court Ordered Deadline; and 3) How much access to library inmate is entitled; 4) How many copies of documents should be copied; and 5) Repeatedly refuses to give copies as requested, and 6) Proper number of legal

---

A/ And, Order Authorizing Clerk to make copy of this document and serve plaintiff accordingly.

envelopes to mail out legal documents so all parties are served. Thus, Law Clerk Larry and Ms. K. Schorn are basically prosecuting all prisoners causes of action as Larry thinks best, and of which Ms. Schorn will always agree.

2. Following this Court's dismissal of the instant action complaint on July 10, 2008, prison was placed on lockdown status, as such, plaintiff had no access at all to Law Library services, in any event, he prepared a Motion For Relief From Judgement that he was unable to have copied due to lockdown status, and he submitted same on the Clerk of the Court on July 25, 2008, to date, no copy has been returned [1]/ and no Court Order regarding said motion.

3. Plaintiff also prepared a Notice of Appeal, Motion(s) To Proceed In Forma Pauperis on Appeal; Transmission of Record on Appeal; Docketing Statement; Jurisdictional Statement, Notice/Proof of Service and (32) Page Inmate Transaction Sheet of his Prison Account, he submitted to inmate Law Clerk, prior to lockdown of the prison on July 16, 2008.

4. However, documents were not returned til August 6, 2008, uncopied, plaintiff sent copy of

-2-

---

[1]/ No acknowledgement of receipt of said Motion by the Clerk of the Court.

this Court's July 10, 2008 Order, as such, law clerk Larry determined and Ms Schorn agreed, that where Your Honor, quote(s) Judge Moran ordering the Clerk not to accept any further documents for filing and to return same to plaintiff unfiled, to mean, that plaintiff could not appeal this Court's judgement of the instant action complaint.

    5. Plaintiff filled out another legal request and gave right back to law clerk who delivered same on August 6, 2008, specifically, advising Ms. Schorn that he was appealing judgement, and it was a Rush Order as same was due August 10, 2008, plaintiff requested Notice of Appeal, etc., be copied 5 times Ms. Schorn returned documents uncopied August 7, 2008, sending plaintiff some blank paper and a ink pen, advising he duplicate more copies by hand (See Legal Request of August 6, 2008). She advises she made (1) copy of Inmate Transaction Sheet, but, she didn't, because, she claims plaintiff had not presigned money voucher for the costs of copies, and only gave one envelope for mailing though plaintiff sought to serve Office of the Illinois State Attorney General Ms. Lisa Madigan, once this Court

or, if this Honored Court enters an adverse ruling on his Motion for Relief From Judgement.

6. In the meantime, plaintiff wants his Notice of Appeal, etc., photocopied, just in case he decides to pursue appeal following an adverse ruling on Motion for Relief From Judgement. And, he needs this Court to specifically Order Ms. Schorn to photocopy the plaintiff's legal documents as requested, and not to try and prosecute his case(s) for him. Ms. Schorn is angered because she thinks plaintiff is suing her. Plaintiff does have a complaint against */ but, she'll never photocopy it, and continually interferes in all his pending and contemplated litigation, as she won't copy grievance complaints and other exhibits to be attached to various documents; nor, copy documents as requested.

WHEREFORE, plaintiff prays that this Honorable Court enter order demanding Ms. K. Schorn librarian photocopy his pleadings as requested. And Clerk to furnish copy.

Respectfully submitted,

James G. Turner
James G. Turner
N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259

*/ Ms. K. Schorn

## STATEMENT

However, Judge Moran clearly dismissed Case No. 86 C 8929 with prejudice. Judge Moran had no intention to retain jurisdiction over the settlement and the terms of the settlement were not incorporated into the judgment.

Judge Moran also wrote in that order:

> Moreover, Turner-El periodically resurfaces with a motion to enforce the settlement agreement in this action, which has long been closed and the appeal of which was dismissed years ago. The court therefore orders the clerk not to accept any further documents for filing in this case and to return any such documents to Turner-El unfiled.

A claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit, does not state a basis for federal court jurisdiction over a contract dispute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994). Any claim Plaintiff may wish to make as to the alleged breach of the settlement agreement must be brought in state court. *See id.* at 382. This Court has no opinion as to the merits of any such action Plaintiff might bring in state court.

The Seventh Circuit has long since held that a prisoner does not have a liberty or property interest in a prison job assignment. *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (*en banc*). Even the language in 730 ILCS 5/3-8-7(b)(2) and (e)(6) does not create a liberty or property interest in a job. *Id.* at 248. Although Plaintiff claims that giving him a prison job was part of the settlement agreement, his recourse is in the state courts as this allegedly constitutes a breach of the settlement agreement. The Court emphasizes again that it has no opinion as to whether not providing Plaintiff with a prison job constitutes a breach of the settlement agreement.

Prisoners also have no constitutional right to state/idle pay. *See Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (prisoners have no constitutional right to state pay). The business administrators therefore could not have misappropriated the idle pay since Plaintiff was not entitled to it.

Accordingly, finding no arguable legal basis for the complaint, the Court dismisses this action pursuant to 28 U.S.C. §1915A(b)(1). This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). *See Duvall v. Miller*, 122 F.3d 489 (7th Cir. 1997) (dismissal as frivolous was "strike" even though inmate did not proceed *in forma pauperis*). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Rush Order - return to inmate Russell Turner - Return to Tennessee

# INMATE REQUEST FOR LAW LIBRARY ASSISTANCE

CEN. DIV. ( )   P.C. ( )   DATE: 8/6/08
C.U. ( )   SEG. (✓)

INMATE NAME: Turner-R   ID# N-01161   CELL: NIM 2-32

REQUEST: I'm Appealing Judgement - I need this filed by 8/10/08 3 copies, 2 envelopes mailed. You can't stop me from appealing, neither can the Court

FORMS REQUESTED (Specify state or federal court): One copy of Trust fund balance sheet made for in forma pauperis Correction + No copies made - money voucher not signed.

CASE LAW/STATUTES REQUESTED: Paper and envelope given to hand duplicate - You do not need 5 copies of a notice of appeal so enough paper is being provided.

COMMENTS: Returned 08-07-08 One pen given.

DCA 30620   IL 426-18967   DATE FILLED: 08-07-08
(Revised Dec 98)   INITIALS: ES

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Authorization for Payment

Posting Document # _____  Date  5/6/05

Offender Name  James G. Thomas   ID# N-2116?  Housing Unit _____

Pay to  DOC SCH DIST. #428

Address _____

City, State, Zip  ~~No Copies Made~~

The sum of _____ dollars and _____ cents charged to my trust fund account, for the purpose of ~~Copies Not of Appeal~~ one copy trust fund report

☐ I hereby authorize payment of postage for the attached mail.  ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature  ~~Not Signed~~   ID# _____

Witness Signature _____

☐ Approved  ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender, Mail Room

Printed on Recycled Paper

DOC 0296 (Eff. 1/2006)
(Replaces DC 828)